FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 AUG 14  PM 1:47

LORETTA G. WHYTE
      CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER HODGE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-11361** |
| **LYNN PIGGOTT, ET AL** | **SECTION "J"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of this matter, the court has determined that the above-captioned action can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

On or about January 3, 2007, petitioner, Christopher Hodge, filed the above-captioned habeas corpus action (rec. doc. # 1) pursuant to 28 U.S.C. § 2254. On January 12, 2007, United States District Judge Carl Barbier issued an Order (rec. doc. # 4)

```
___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No_____
```

determining that petitioner's habeas application was successive and transferring the matter to the United States Fifth Circuit Court of Appeals for the purpose of obtaining authorization to file said petition as required by 28 U.S.C. § 2244(b)(3)(A). On June 5, 2007, the Fifth Circuit issued an Order (rec. doc. # 6) flatly denying petitioner the required authorization with respect to all but one of petitioner's claims. With respect to petitioner's "claim regarding good-time credit and the calculation of his release date after resentencing", the Fifth Circuit "ORDERED that authorization is DENIED AS UNNECESSARY because the claim is not successive." Shortly thereafter, the clerk of court for the district court, in order to entertain petitioner's one remaining claim "regarding good-time credit and the calculation of his release date after resentencing", reopened the above-captioned action. On June 11, 2007, petitioner submitted a pleading (attachment to rec. doc. # 7), reiterating his claim regarding the alleged miscalculation of his good-time credit and release date.

It is well-established that before proceeding to federal court for the purpose of attaining habeas corpus relief, a petitioner must first exhaust his available state court remedies. 28 U.S.C. § 2254; *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F. 2d 699, 702 (5th Cir. 1988).

A westlaw search reveals that the state's highest court, the Louisiana Supreme

Court, has adjudicated only one writ application, *State ex rel. Hodge v. State*, No. 2003-KH-0178, 865 So.2d 717 (La. 2004), with respect to petitioner. A review of the attached state court record associated with petitioner's writ application, No. 03-KH-0178,[1] reveals that the remaining issue in the instant federal habeas petition was not presented to and/or adjudicated by the Louisiana Supreme Court. Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the above-captioned action be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 14th day of August, 2007.

LOUIS MOORE, JR.
United States Magistrate Judge

---

[1] A copy of the pertinent state court record was submitted to the court in connection with a motion for summary judgment filed on behalf of defendant, Warden Jeffery Travis, in Civil Action No. 06-11362 "J"(6).